UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ATRIUM MEDICAL CORPORATION
PROLITE AND PROLOOP HERNIA MESH
PRODUCTS LIABILITY LITIGATION                              MDL No. 3024

ORDER DENYING TRANSFER

**Before the Panel**:*  Plaintiffs in the Central District of California *Avila* and Western District of Wisconsin *Kolbeck* actions move under 28 U.S.C. § 1407 to centralize this litigation in the Central District of California. This litigation consists of four actions pending in four districts, as listed on Schedule A. Plaintiffs in these actions allege that defects in defendants' ProLite and ProLoop hernia mesh products caused them to suffer serious complications and injury. Since the filing of the motion, the Panel has been notified of six related federal actions pending in six districts.

Plaintiffs in three of the related actions support centralization in the Central District of California, though they also propose alternative venues (namely, the Eastern District of Pennsylvania and the Western District of Washington).[1]  In contrast, plaintiff in the District of New Mexico *Aguirre* action opposes centralization. Defendants Atrium Medical Corporation and Maquet Cardiovascular, LLC, also oppose the motion. Alternatively, defendants suggest centralization in the Northern District of Illinois before the Honorable Mary M. Rowland, who recently presided over the trial of another ProLite action.

On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. There is no dispute that these actions share allegations that defects in defendants' hernia mesh products can lead to various and serious complications.[2]  Centralization

---

* Judge Roger T. Benitez did not participate in the decision of this matter.

[1] Although they did not respond to the motion, plaintiffs in the District of New Jersey *Mills* action on the motion and the District Massachusetts *Paye* action, which was noticed as a related action, each filed Notices of Presentation of Oral Argument indicating support for centralization in the Central District of California.

[2] During oral argument, counsel explained that, while the ProLite and ProLoop hernia mesh products share the use of polypropylene in their construction, the designs for these products are

(Continued . . .)

thus could avoid a certain amount of duplicative discovery and eliminate the possibility of conflicting rulings on the scope of discovery and other pretrial matters.  But where, as here, "only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate."  *In re Hyundai and Kia GDI Engine Mktg., Sales Practices, & Prods. Liab. Litig.*, 412 F. Supp. 3d 1341, 1343 (J.P.M.L. 2019).  We are not persuaded in the present circumstances that the benefits of centralization outweigh the disruption to the pending actions, two of which have been pending in federal court for roughly four years.

In arguing for centralization, plaintiffs rely heavily upon our decisions centralizing other hernia mesh litigations.³  However, as we stated in denying centralization of another hernia mesh litigation, "[a] grant of centralization . . . does not guarantee that we will find centralization appropriate in another litigation alleging similar claims, and the Panel makes each of its decisions based on the circumstances presented by a particular litigation at the time."  *In re Covidien Hernia Mesh Prods. Liab. Litig.*, 481 F. Supp. 3d 1348, 1349 (J.P.M.L. 2020).  We are presented here with only ten actions (including the related actions)—fewer than the twelve actions at issue in the *Covidien* motion and far fewer than were at issue in other hernia mesh litigations that were centralized.  *Cf. In re Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Prods. Liab. Litig.*, 316 F. Supp. 3d 1380, 1380 (J.P.M.L. 2018) (centralizing 53 actions and noting that 69 further actions had been noticed as related).

At oral argument, counsel for movants argued that many more ProLite and ProLoop cases are anticipated.  We generally "are disinclined to take into account the mere possibility of future filings in our centralization calculus."  *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig.*, 959 F. Supp. 2d 1375, 1376 (J.P.M.L. 2013).  Here, this litigation has been ongoing since at least 2017, yet only eleven actions have been filed to date.  One of those already has been tried to a defense verdict.  *See Africano v. Atrium Medical Corp.*, C.A. No. 1:17-07238 (N.D. Ill.).  Given the relatively slow growth of this litigation, we are not persuaded that the number of ProLite or ProLoop cases filed in or removed to federal court will substantially increase.

Furthermore, two of the actions (*Mills* and *Aguirre*) are somewhat advanced procedurally. According to the operative pretrial schedule, all discovery in *Mills* closes in one month, while discovery in *Aguirre* closes later this year.  Plaintiff in *Aguirre* also argues that the parties in that action are close to a settlement, which could be disrupted by transfer.  In other circumstances, we

---

not identical, and the products were subject to different regulatory approvals.  No party argued, however, that the claims against these two products will involve substantially different questions of fact.  Because we deny centralization on other grounds, we need not resolve whether claims involving ProLite mesh and claims involving ProLoop mesh should be included in the same MDL.

³ *See In re Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Prods. Liab. Litig.*, 316 F. Supp. 3d 1380 (J.P.M.L. 2018); *In re Ethicon Physiomesh Flexible Composite Hernia Mesh Prods. Liab. Litig.*, 254 F. Supp. 3d 1381 (J.P.M.L. 2017); *In re Atrium Medical Corp. C-Qur Mesh Prods. Liab. Litig.*, 223 F. Supp. 3d 1355 (J.P.M.L. 2016); *In re Kugel Mesh Hernia Patch Litig.*, 493 F. Supp. 2d 1371 (J.P.M.L. 2007).

- 3 -

might agree that these actions would benefit from centralization, as significant pretrial motion practice remains in each. Given the small number of actions in this litigation, however, it is unnecessary to delay the progress of these actions.

Rather, in these circumstances, we are of the view that alternatives to centralization are available to minimize any duplication in pretrial proceedings, including informal cooperation and coordination of these actions. *See In re Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011) ("[C]entralization under Section 1407 should be the last solution after considered review of all other options."). The presence of overlapping counsel here should facilitate informal coordination of this relatively small number of actions. *See In re Cymbalta (Duloxetine) Prods. Liab. Litig.*, 65 F. Supp. 3d 1393, 1394 (J.P.M.L. 2014). Moving counsel collectively represent plaintiffs in three of the ten actions, while another plaintiffs' firm represents plaintiffs in two related actions filed in the Eastern and Western Districts of Washington.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton         Matthew F. Kennelly
David C. Norton             Dale A. Kimball
Madeline Cox Arleo

**IN RE: ATRIUM MEDICAL CORPORATION
PROLITE AND PROLOOP HERNIA MESH
PRODUCTS LIABILITY LITIGATION**  MDL No. 3024

## SCHEDULE A

<u>Central District of California</u>

AVILA, ET AL. v. ATRIUM MEDICAL CORPORATION, ET AL.,
    C.A. No. 2:21−05223

<u>District of New Jersey</u>

MILLS v. ETHICON, INC., ET AL., C.A. No. 2:17−12624

<u>District of New Mexico</u>

AGUIRRE v. ATRIUM MEDICAL CORPORATION, ET AL., C.A. No. 2:18−00153

<u>Western District of Wisconsin</u>

KOLBECK, CLARK v. ATRIUM MEDICAL CORPORATION, ET AL.,
    C.A. No. 3:21−00776